UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| TERRANCE TURNER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 23-2743 (UNA) |
| | ) | |
| AUTOMOBILI LAMBORGHINI | ) | |
| AMERICA LLC, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM OPINION**

This matter is before the Court on consideration of plaintiff's application to proceed *in forma pauperis* and *pro se* complaint. The Court grants the application and for the reasons discussed below, dismisses the complaint.

Complaints filed by pro se litigants are held to "less stringent standards" than those applied to pleadings drafted by lawyers. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). Still, *pro se* litigants must comply with the Federal Rules of Civil Procedure. *Jarrell v. Tisch*, 656 F. Supp. 237, 239 (D.D.C. 1987). Rule 8(a) of the Federal Rules of Civil Procedure requires that a complaint contain a short and plain statement of the grounds upon which the court's jurisdiction depends, a short and plain statement of the claim showing that the pleader is entitled to relief, and a demand for judgment for the relief the pleader seeks. Fed. R. Civ. P. 8(a). It "does not require detailed factual allegations, but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). In addition, Rule 8(d) states that "[e]ach allegation must be simple, concise, and direct." Fed. R. Civ. P. 8(d)(1). "Taken together, [those provisions] underscore the emphasis placed on clarity and brevity by the federal pleading rules." *Ciralsky v. CIA*, 355 F.3d 661, 669

(D.C. Cir. 2004) (cleaned up).  The Rule 8 standard ensures that defendants receive fair notice of the claim being asserted so that they can prepare a responsive answer, mount an adequate defense, and determine whether the doctrine of res judicata applies.  *See Brown v. Califano*, 75 F.R.D. 497, 498 (D.D.C. 1977).  The standard also assists the court in determining whether it has jurisdiction over the subject matter.

The complaint in this case is incomprehensible. It neither states a valid basis for this Court's jurisdiction nor alleges facts supporting a plausible legal claim. So rambling and disorganized is the complaint that no defendant has fair notice of the claims asserted, and exhibits to the complaint further confuse rather than clarify matters. As drafted, the complaint fails to meet the minimal pleading standard set forth in Rule 8(a) and it will be dismissed. A separate order accompanies this Memorandum Opinion

DATE: January 4, 2024                                      DABNEY L. FRIEDRICH
                                                           United States District Judge